JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

THOMAS FU (SBN 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 So. Grand Avenue
Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant,
AUTOTRADER.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>AUTOTRADER.COM, INC., a Delaware corporation, d/b/a WWW.AUTOTRADER.COM,<br><br>    Defendant. | Case No. 2:24-cv-08735<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL

**TO: THE CLERK OF THE COURT**

**AND TO: PLAINTIFF THROUGH HER COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Defendant Autotrader.com, Inc. ("Autotrader"), by and through its undersigned counsel hereby removes to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005, the above-captioned action, which was originally filed in the Superior Court of for the State of California, County of Los Angeles, and assigned Case No. 24STCV13149. Prior to filing this Notice of Removal, Autotrader met and conferred with counsel for Plaintiff Rebeka Rodriguez.

In support of this Notice of Removal, Autotrader states as follows:

## BACKGROUND

1. On May 24, 2024, Plaintiff Rebeka Rodriguez ("Plaintiff") commenced this action in Los Angeles County Superior Court by filing a Complaint entitled *Rebeka Rodriguez v. AUTOTRADER.COM, INC., a Delaware corporation, d/b/a WWW.AUTOTRADER.COM*.

2. Plaintiff served the Complaint on Autotrader's registered agent on May 31, 2024.

3. On May 29, 2024, the Superior Court served Plaintiff's counsel by mail with a Notice of Case Management Conference to occur on October 3, 2024.

4. Following a stipulation to extend the time for Autotrader to respond to Plaintiff's Complaint, Autotrader demurred to the Complaint on July 31, 2024.

5. On September 10, 2024, Plaintiff filed a First Amended Class Action Complaint, which for the first time included class action allegations. A copy was simultaneously served on counsel for Autotrader via email.

6. Autotrader withdrew its demurrer from consideration on September 19, 2024.

7. On September 18, 2024, Plaintiff filed a copy of the Superior Court's May 29, 2024, Notice of Case Management Conference and served a copy on counsel

1  for Autotrader by email. Alongside that Notice, Plaintiff filed a Case Management
2  Statement. Autotrader filed its Case Management Statement on September 19, 2024.

3      8.    A Case Management Conference was held on October 3, 2024, where
4  counsel for Autotrader informed the Superior Court that Autotrader intended to
5  remove the First Amended Class Action Complaint to federal court.

6      9.    Copies of the docket and all process, pleadings, and orders filed in this
7  action are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

8      10.    Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are
9  being served upon counsel for Plaintiff and filed with the Clerk of the California
10 Superior Court for the County of Los Angeles, as an exhibit to a Notice of Filing of
11 Notice of Removal.

12     11.    Plaintiff has brought this action against Autotrader pursuant to the
13 California Invasion of Privacy Act, Cal. Penal Code §§ 631(a) and 638.51(a).

## JURISDICTION

15     12.    This action is removable pursuant to 28 U.S.C. § 1441, which permits
16 removal of "any civil action brought in a State court of which the district courts of
17 the United States have original jurisdiction," and the Class Action Fairness Act of
18 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants U.S. District Courts original
19 jurisdiction over, and permits removal of, class actions in which: (i) any member of
20 a class of plaintiffs is a citizen of a State different from any defendant (minimal
21 diversity); (ii) the defendant is not a governmental entity; (iii) the proposed class
22 contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000,
23 exclusive of interest and costs.

24     13.    "[N]o antiremoval presumption attends cases invoking CAFA, in part
25 because the statute was enacted to facilitate adjudication of certain class actions in
26 federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93
27 (9th Cir. 2022) (citation omitted). As set forth below, this case meets all the
28 requirements for jurisdiction under CAFA.

**Minimal Diversity of Citizenship**

14. Minimal diversity exists in this case because at least one plaintiff or putative class member is a citizen of a different state than any defendant.

15. Plaintiff alleges that she "is a resident of California." FAC ¶ 4.

16. Plaintiff seeks to represent a class of "[a]ll persons within the state of California who visited [Autotrader's] Website within the statute of limitations period and whose rights were violated as described [in the First Amended Complaint]." FAC ¶ 124 (emphasis omitted). Autotrader is informed and believes that the vast majority, if not the entirety, of the proposed class members are citizens of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (allegations of citizenship may be based solely on information and belief).

17. Plaintiff alleges only that Autotrader "is an online car buying and selling portal with customers throughout the state of California and this County." FAC ¶ 5. As to Autotrader's citizenship, however, Autotrader is a Delaware corporation with its principal place of business in Georgia. Decl. of Deborah Lucy ¶ 3.

18. Accordingly, there is minimal diversity of citizenship among the parties under CAFA. 28 U.S.C. § 1332(d)(2).

**Autotrader Is Not a Governmental Entity**

19. Autotrader is not a State, State official, or other government entity.

**The Proposed Class Exceeds 100 Members**

20. The Complaint states that "Plaintiff does not know the number of Class members but believes the number to be in the tens of thousands, at minimum." FAC ¶ 125. Accordingly, the proposed class is greater than the 100-member threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

21. The amount in controversy is the amount at stake in the underlying litigation. *Jauregui*, 28 F.4th at 994. Importantly, this "does not mean likely or probable liability; rather, it refers to possible liability." *Id.* (citation omitted).

22. "[A] defendant's notice of removal need include only a plausible

1  allegation" that the requirements of CAFA are satisfied.  *Dart Cherokee Basin*
2  *Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Evidence establishing the
3  amount in controversy is required only when the plaintiff contests or the court
4  questions a defendant's assertion.  *Id.*

5        23.    Autotrader denies the validity and merit of Plaintiff's alleged claims and
6  disputes that this action is appropriate for class treatment under Federal Rule of Civil
7  Procedure 23.  But for purposes of setting the grounds for this Court's subject matter
8  jurisdiction – and without conceding that Plaintiff or the putative class are entitled to
9  any damages or any relief whatsoever – it is apparent from the Complaint that
10 Plaintiff seeks sufficient damages on behalf of herself and the class to satisfy CAFA.

11       24.    The Complaint asserts that Plaintiff and the putative class are entitled to
12 "statutory damages" on the two causes of action under the California Invasion of
13 Privacy Act (CIPA), *see* FAC ¶¶ 139, 150, and asks that the Court award "statutory
14 damages [and] punitive damages," *id.* at Prayer for Relief ¶ b.  Under CIPA, statutory
15 damages are the greater of three times actual damages or $5,000.  Cal. Pen. Code
16 § 637.2(a).

17       25.    Based on the allegations in the Complaint, the potential amount in
18 controversy exceeds $5,000,000.  Based on the Complaint's allegation that there are
19 at least "tens of thousands" of putative class members seeking at least $5,000 per
20 person in statutory damages, the amount in controversy is at least $50,000,000 –
21 10,000 class members at minimum times $5,000 per class member.

22       26.    Plaintiff also seeks recovery of attorneys' fees and costs.  While
23 Autotrader does not concede that this relief is recoverable under the claims asserted
24 by Plaintiff, the potential award of attorneys' fees and costs can be considered in
25 determining whether the minimum amount in controversy under CAFA is met.
26 *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).  Given that
27 an attorneys' fee award in a certified class action could amount to twenty-five percent
28 (25%) or more of the aggregate recovery, this claim for relief increases the amount

1  in controversy by an additional 25%. *See Jasso v. Money Mart Exp., Inc.* No. 11-
2  CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

3  27. Plaintiff's request for injunctive relief also factors into the amount in controversy. *See* FAC, Prayer for Relief ¶ a. "It is proper under CAFA to consider the defendant's cost of compliance with an injunction just as it is proper to consider the plaintiff's benefit from the injunction." *Guerard v. CNA Fin. Corp.*, No. C 09-01801 SBA, 2009 WL 10710608, at *3 (N.D. Cal. July 31, 2009) (citing *Tompkins v. Basic Research LLC*, No CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008)). In determining the value of injunctive relief for purposes of the amount in controversy, the Ninth Circuit utilizes the "either viewpoint" rule, under which the amount in controversy is the financial burden the judgment could produce to either party. *Lokey v. CVS Pharmacy, Inc.*, No. 20-cv-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020).

28. Autotrader denies that it has any liability to Plaintiff, to any putative class member, or to any other individual(s), and denies that the putative class could be certified for class treatment. Nevertheless, the aggregate amount placed in controversy by Plaintiff's Complaint, including statutory damages, attorneys' fees, and injunctive relief, exceeds $5,000,000.

**NOTICE OF REMOVAL IS TIMELY**

29. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal." Here, Autotrader was served on September 10, 2024; it filed this Notice of Removal on October 10, 2024, thirty days after service of the Complaint.

**VENUE FOR REMOVAL**

30. Because this action was initially brought in the Los Angeles County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a), as this District embraces Los Angeles County, California, the place where

1  the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

2  **NOTICE OF FILING OF NOTICE OF REMOVAL**

3      31.    In accordance with 28 U.S.C. § 1446(d), Autotrader will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Los Angeles County Superior Court.

## CONCLUSION

WHEREFORE, Defendant Autotrader.com, Inc., hereby removes this action to this Court for all future proceedings.

Dated:     October 10, 2024

JACOB M. HEATH
THOMAS FU
Orrick, Herrington & Sutcliffe LLP

By: */s/ Jacob M. Heath*
      JACOB M. HEATH
      Attorneys for Defendant
      AUTOTRADER.COM, INC.