1  ARAVIND SWAMINATHAN (*Pro Hac Vice*)
   aswaminathan@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   401 Union Street, Suite 3300
3  Seattle, WA 98101
   Telephone: +1 206 839 4340
4  Facsimile: +1 206 839 4301

5  JACOB M. HEATH (SBN 238959)
   jheath@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
7  Menlo Park, CA 94025-1015
   Telephone: +1 650 614 7400
8  Facsimile: +1 650 614 7401

9  THOMAS FU (SBN 325209)
   tfu@orrick.com
10 ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 So. Grand Avenue
11 Suite 2700
   Los Angeles, CA 90071
12 Telephone: +1 213 629 2020
   Facsimile: +1 213 612 2499
13
   Attorneys for Defendant,
14 AUTOTRADER.COM, INC.

15
                    UNITED STATES DISTRICT COURT
16
                   CENTRAL DISTRICT OF CALIFORNIA
17

18

19 REBEKA RODRIGUEZ,                    Case No. 2:24-cv-08735-RGK-JC

20         Plaintiff,                   **AUTOTRADER.COM, INC's MOTION FOR RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL**
21   v.

22 AUTOTRADER.COM, INC., a
   Delaware corporation, d/b/a
23 WWW.AUTOTRADER.COM,                  Hearing Date: February 24, 2025

         Defendant.                     Time: 9:00 a.m.
24
                                        Dept: Courtroom 850
25
                                        Judge: Hon. R. Gary Klausner
26

27

28

# NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 24, 2025, at 9:00 a.m., or as soon thereafter as is available, in the courtroom of the Honorable R. Gary Klausner, located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Defendant Autotrader.com, Inc. d/b/a www.autotrader.com ("Autotrader") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 60 and Local Rule 7–18 to reconsider the portions of its January 8, 2025 Order (ECF No. 25) that declined to dismiss Plaintiff's claim under Cal. Penal Code § 638.51, and that granted Plaintiff leave to amend her dismissed claim under Cal. Penal Code § 631(a), or in the alternative to certify the § 638.51 dispute for interlocutory appeal. Reconsideration is warranted because the Order overlooked certain critical facts, and certification for interlocutory appeal would be warranted because there is substantial ground for difference of opinion on § 638.51's scope and an immediate appeal would materially advance the ultimate termination of the litigation.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the complete files and records in this action, any reply papers Autotrader may file, any matters of which the Court may take judicial notice, any such materials or arguments as may be presented to the Court in conjunction with a hearing on this Motion, and any other matter that the Court may properly consider.

1  This Motion is brought after counsel for the parties discussed the need for a conference pursuant to L.R. 7-3 and completed the conference on January 16, 2025. The parties discussed the grounds for the Motion but were unable to reach resolution of any issue.

Dated:  January 21, 2025

ARAVIND SWAMINATHAN
JACOB M. HEATH
THOMAS K. FU
Orrick, Herrington & Sutcliffe LLP


By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorneys for Defendant
AUTOTRADER.COM, INC.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1
II. LEGAL STANDARD ......................................................................................... 3
III. LEGAL ARGUMENT ........................................................................................ 3
    A. The Court Should Grant Reconsideration And Dismiss Plaintiff's § 638.51 Claim With Prejudice ................................................................. 3
        1. The Order failed to consider material facts concerning the limited scope of plaintiff's allegations and § 638.51(a)'s provisions ................................................................................................ 3
        2. Once properly limited, Plaintiff's § 638.51 claim fails as a matter of law ........................................................................................ 5
    B. The Court Should Grant Reconsideration And Dismiss Plaintiff's § 631(a) Claim With Prejudice .............................................................. 6
    C. At Minimum, The Court Should Certify The § 638.51 Dispute For Interlocutory Appeal ............................................................................. 8
IV. CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Federation of Teachers v. Cardona*,
    2021 WL 4461187 (N.D. Cal. 2021)................................................................5, 6

*Andrews v. Shenzhen Kangside Tech. Co., LTD*,
    2023 WL 2559196 (C.D. Cal. 2023) ...................................................................8

*Heeger v. Facebook, Inc.*,
    509 F. Supp. 3d 1182 (N.D. Cal. 2020)..............................................................4

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986)............................................................................8

*U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*,
    2011 WL 311014 (C.D. Cal. 2011) ................................................................3, 4

*United States v. Certain Rts. to & Ints. in Shares of Series D Preferred
    Stock in Palantir Techs.*,
    2018 WL 9903314 (C.D. Cal. 2018) ...................................................................8

*United States v. Hart*,
    2023 WL 10352443 (E.D.N.C. 2024) ................................................................6

*United States v. Keel*,
    2017 WL 9477638 (N.D. Ga. 2017)...................................................................6

*United States v. Turner*,
    2021 WL 3009810 (E.D. Tenn. 2021)................................................................6

*In re Zynga Privacy Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ............................................................................4

**Statutes**

28 U.S.C. § 1292(b)...............................................................................................3, 8

Cal. Penal Code § 631 ...............................................................................1, 2, 6, 8

Cal. Penal Code § 638.50 ......................................................................1, 4, 5, 6, 8

Cal. Penal Code § 638.51 .................................................................................*passim*

Cal. Penal Code § 638.52 ............................................................................................5

**Other Authorities**

Fed. R. Civ. P. 60........................................................................................................3

Local Rule 7-18 ..........................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court's January 8, 2025 Order declined to dismiss Plaintiff's claim under Cal. Penal Code § 638.51 only by misapprehending critical facts about the scope of Plaintiff's allegations and the underlying statute.  And while the Order soundly dismissed Plaintiff's § 631(a) claim for lack of standing, it declined to dismiss with prejudice only by overlooking critical facts about Autotrader's website banner that show Plaintiff consented to information sharing.  Autotrader therefore moves for reconsideration and seeks a revised order dismissing the entirety of Plaintiff's First Amended Class Action Complaint ("FAC") with prejudice.  In the alternative, Autotrader moves to certify the § 638.51 dispute for interlocutory appeal.

Section 638.51 bars certain uses of "a pen register or a trap and trace device." Cal. Penal Code § 638.51(a).  A device qualifies only if it captures a specific type of information: "dialing, routing, addressing, or signaling information" identifying the source of a "communication."  *Id.* § 638.50(b)-(c).  If a device does not capture that sort of information, it is not a pen register or trap and trace under § 638.51 and cannot give rise to a statutory violation—regardless of whether it collects or otherwise uses *other* types of information.  Those restrictions are not lost on Plaintiff.  In light of § 638.51's narrow scope, the FAC alleges that Autotrader's website constitutes a pen register *solely* because it purportedly captured her "IP address," FAC ¶ 134—the internet equivalent of a telephone number.  That is the only type of data that Plaintiff alleges (or could allege) constitutes "dialing, routing, addressing, or signaling information" under the statute.  *Id.*

The Order, however, mistakenly permitted Plaintiff's § 638.51 claim to proceed exclusively because it concluded that the software in question collected *other* information *besides* her IP address.  The Order never held that collecting the IP address violated § 638.51.  To the contrary:  The Court pointedly did not disagree with Autotrader's argument, endorsed by a recent California decision, that "§ 638.51

- 1 -

DEFENDANT AUTOTRADER'S MOTION FOR RECONSIDERATION

should not apply" to "the collection of IP addresses" because it "is necessary for websites to operate." Order 7; *see* Autotrader's Request for Judicial Notice, Ex. A at 10 (Dismissal Order, *Rodriguez v. Plivo, Inc.* (Cal. Sup. Ct. Oct. 3, 2024)). That should have been the end of the road. But the Order strayed from the bounds of the FAC, and the underlying statute, by allowing the § 638.51 claim to proceed based on the supposed collection of ***additional*** information that played no role in routing communications: "operating system information, browser information, geolocation data, and email addresses, for use by Defendant and third parties." Order 7. That ruling impermissibly endorsed a legal theory that Plaintiff never advanced—and could not possibly make as a matter of law.

As for § 631(a), the Order correctly noted that the FAC could state a claim only by adequately alleging that Plaintiff's communications were "intercepted without her consent." Order 5. The Order also acknowledged that Plaintiff could have "implicitly consented by using the search bar after being given notice," via a banner on Autotrader's website, that her data could be shared with third parties. *Id.* at 6. The Order declined to dismiss the § 631(a) claim with prejudice on that ground solely because it concluded that the record did not contain "any details about the banner." *Id.* That ruling overlooked critical facts in the FAC. Plaintiff included a screenshot of the "user search" page on Autotrader's website that depicts the banner and its precise language, FAC ¶ 101, which squarely contradicts Plaintiff's conclusory allegation that she had no "opportunity to review or consent to sharing of Plaintiff's information with any third party," *id.* ¶ 112.

The Court should grant reconsideration to correct its misapprehension of those critical facts and dismiss both claims in the FAC with prejudice. Alternatively, if the Court declines to dismiss the § 638.51 claim, it should certify for interlocutory appeal the dispute over that statute's scope: whether a claim may lie based on the collection or sharing of data that the plaintiff has not alleged, and the district court has not held, constitutes routing information under the statute. There is "substantial ground" for

answering that question in Autotrader's favor and dismissing accordingly, and an appellate decision to that effect would "materially advance the ultimate termination of the litigation"—both here and in other cases involving similar claims. 28 U.S.C. § 1292(b).

## II.   LEGAL STANDARD

"A party may move for reconsideration pursuant to Federal Rule of Civil Procedure ('Rule') 60 and Local Rule 7–18." *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 WL 311014, at *2 (C.D. Cal. 2011) (reconsidering order denying motion to dismiss). Reconsideration is appropriate where an order "committed clear error," including "a failure to consider material facts presented to the Court." *Id.* (quoting L.R. 7–18).

Certification for interlocutory appeal is appropriate "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## III.  LEGAL ARGUMENT

### A.   The Court Should Grant Reconsideration And Dismiss Plaintiff's § 638.51 Claim With Prejudice

#### 1.  The Order failed to consider material facts concerning the limited scope of plaintiff's allegations and § 638.51(a)'s provisions.

Autotrader's motion to dismiss emphasized that "Plaintiff's § 638.51 claim is premised solely on Autotrader's initial 'captur[ing]' of 'IP address[es].'" Mot. 3 (quoting FAC ¶ 134). Indeed, the FAC goes out of its way—as it must—to limit the § 638.51 claim in that way. It specifically alleges in the corresponding cause of action that Autotrader's accused technology "is a 'pen register' because it is a 'device or process' that 'capture[d]' the 'routing, addressing, or signaling information'—***the***

*IP address*—from the electronic communications transmitted by Plaintiff's computer or smartphone." FAC ¶ 134 (quoting Cal. Penal Code § 638.50(b)) (emphasis added). Later in the same section, Plaintiff invokes Ninth Circuit authority for the proposition that "***IP addresses*** constitute addressing information." *Id.* ¶ 136 (quoting *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014)) (emphasis added). That is the full extent of the claim; Plaintiff never alleges that any other data constitutes the routing information that § 638.51 demands.

The limited scope of Plaintiff's allegations echoes the limited scope of § 638.51. As Autotrader's motion to dismiss noted, the statute "defines pen registers and trap and trace devices" by their collection of "routing, addressing, or signaling information." Mot. 3 (quoting Cal. Penal Code § 638.50(b)-(c)). That narrow statutory definition explains why Plaintiff based her § 638.51 claim solely on her IP address: It is the only data allegedly collected that was "'provided' and 'used ... for the specific purpose of directing the ***routing*** of information.'" Mot. 2 (quoting *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020)) (emphasis added).

The Order overlooked those material facts. It did not cite FAC ¶ 134 or otherwise acknowledge that Plaintiff's cause of action is explicitly premised solely on the collection of her IP address. *See* Order 6-7. That error led the Order to mistakenly sustain the § 638.51 claim on a ground that Plaintiff never alleged—the purported collection of "operating system information, browser information, geolocation data, and email addresses, for use by Defendant and third parties." Order 7. In so ruling, the Order also overlooked the statute's limited scope: It never asked whether any of that other data constitutes "routing, addressing, or signaling information," as § 638.51 requires. *See id.*

The Order thus "mistakenly relied" on overbroad readings of both the FAC and § 638.51. *U.S. Rubber*, 2011 WL 311014, at *4. As long as that decision remains on the books, it will threaten countless website operators and technology companies

with criminal liability for collecting data in ways the law does not in fact proscribe. Reconsideration is warranted to correct the Order's misapprehensions and restore proper boundaries to § 638.51 liability. *See id.* (granting motion to reconsider denial of motion to dismiss); *see also Am. Fed'n of Tchrs. v. Cardona*, 2021 WL 4461187, at *2, 4-6 (N.D. Cal. 2021) (reconsidering order denying motion to dismiss in light of "manifest failure by the Court to consider material facts or dispositive legal arguments").

### 2. Once properly limited, Plaintiff's § 638.51 claim fails as a matter of law.

Reconsideration is all the more vital because, once properly limited to its allegations, the FAC fails to state a § 638.51 claim. As noted, the Order did not disagree with Autotrader's argument—which *Plivo* recently endorsed, building on many years of related federal case law—that a website's collection of IP addresses does not violate the statute because it is necessary for the internet's functioning.[1] *See* Order 7; Mot. 5-7. Nor did the Order disagree with Autotrader's related point that Plaintiff "implicitly consented" to the collection of her IP address by using the internet, which separately defeats her claim. Order 8; Mot. 8-9. The Order simply declined to resolve those issues because it mistakenly concluded that Plaintiff's § 638.51 claim could proceed by virtue of the other data discussed above—data that cannot be the basis for a § 638.51 claim. Order 7-8. On reconsideration, the Court should credit Autotrader's arguments and dismiss the § 638.51 claim, both because a website's collection of IP addresses cannot violate the statute to begin with and because Plaintiff consented in any event, nullifying any liability under the statute.[2]

---

[1] This argument is not limited to the exception provided in § 638.51(b)(1), *see* Order 7, but stems from the statute's full text, structure, and history, including § 638.52(c) and (d)(3) and several legislative Bill Analyses, along with related federal case law construing the Pen Register Act, 18 U.S.C. § 3121. *See* Mot. 5-7.

[2] To the extent the Order suggests that Autotrader's sharing of Plaintiff's IP address with "a third party" could give rise to a § 638.51 claim, Order 7, that ruling should likewise be modified because the statute outlaws only the "capture[]" of routing information and places no restriction on its subsequent sharing, Cal. Penal Code § 638.50(b).

*See, e.g.*, *Am. Fed'n of Tchrs.*, 2021 WL 4461187, at *4-6 (dismissing claims on reconsideration).

That dismissal should be with prejudice. *See id.* (dismissing claims with "without leave to amend"). Plaintiff premised her § 638.51 claim solely on the collection of her IP address because that alone—and no other data—constitutes the "dialing, routing, addressing, or signaling information" identifying the source of her website "communication." *Id.* § 638.50(b)-(c). So Plaintiff has no way to salvage the claim by amending it to rely on additional forms of data. The information that the Order relied on—"operating system information, browser information, geolocation data, and email addresses," Order 7—certainly would not suffice. Operating system and browser details play no role in routing signals to a website. Neither does a visitor's email address. And courts routinely distinguish the routing data subject to a "pen register and trap and trace," on one hand, from "geolocation information," on the other—even issuing separate "warrants" for each. *United States v. Keel*, 2017 WL 9477638, at *2, *report and recommendation adopted*, 2017 WL 1371870 (N.D. Ga. 2017); *see, e.g.*, *United States v. Turner*, 2021 WL 3009810, at *2 (separate orders authorizing "a pen register/trap and trace" and collection of "phone geolocation"), *report and recommendation adopted*, 2021 WL 2482117 (E.D. Tenn. 2021), *aff'd*, 2024 WL 3634454 (6th Cir. 2024); *United States v. Hart*, 2023 WL 10352443, at *3 (E.D.N.C. 2023) (noting separate authorizations for "the installation and monitoring of a pen register and/or trap and trace device" and "geolocation monitoring for cellular phone"), *report and recommendation adopted*, 2024 WL 578573 (E.D.N.C. 2024).

**B.  The Court Should Grant Reconsideration And Dismiss Plaintiff's § 631(a) Claim With Prejudice**

The Order soundly dismissed Plaintiff's § 631(a) claim for lack of standing because the FAC does not allege that the "contents of her quer[ies]" were particularly sensitive. Order 3-4. But Autotrader's motion to dismiss explained that the claim

- 6 -

DEFENDANT AUTOTRADER'S
MOTION FOR RECONSIDERATION

also fails on a second, independent ground that no amendment could fix: Facts pled in the FAC establish that Plaintiff consented to Autotrader's website "sharing her search queries with third parties." *Id.* at 6; *see* Mot. 10, 16. In particular, paragraph 101 of the FAC reproduces a screenshot of the "user search" page that Plaintiff purportedly encountered. It contains a large, conspicuous banner explicitly stating that the website "uses cookies and other tracking technologies to enhance user experience and to analyze performance and traffic on our website" and "share[s] information about your use of our site with our social media, advertising, and analytics partners," while providing Plaintiff the option to "opt-out." Mot. 10 (quoting FAC ¶ 101). Autotrader's motion argued that Plaintiff consented, as a matter of law, to the sharing of her data by "electing to proceed with her 'tester' searches after encountering those disclosures." Mot. 16. Here is the screenshot with the banner highlighted:



FAC ¶ 101.

The Order rejected Autotrader's consent argument only by overlooking those

DEFENDANT AUTOTRADER'S
MOTION FOR RECONSIDERATION

critical facts in paragraph 101 of the FAC. It mistakenly ruled that "Plaintiff does not allege any details about the banner" and declined to dismiss the § 631(a) claim on consent grounds solely because it believed "such details" were "[a]bsent" from the record. Order 6. The Court should grant reconsideration to account for paragraph 101 and rule, for the reasons set forth in Autotrader's motion to dismiss, that Plaintiff has failed to state a § 631(a) claim. The Court should dismiss with prejudice on that ground because the FAC's allegations "affirmatively establish" consent, "so no amendment consistent with the [FAC] can cure" the problem. *Andrews v. Shenzhen Kangside Tech. Co., LTD*, 2023 WL 2559196, at *2 (C.D. Cal. 2023) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### C. At Minimum, The Court Should Certify The § 638.51 Dispute For Interlocutory Appeal

If the Court declines to dismiss Plaintiff's § 638.51 claim, it should certify the dispute over that statute's scope for interlocutory appeal. Even if the Court disagrees with Autotrader's position, there is at least "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), as to whether a § 638.51 claim may lie where, as here, it is premised on the collection of data (like browser information) that the pleadings do not allege, and the Court has not held, constitutes "dialing, routing, addressing, or signaling information" identifying the source of a "communication," Cal. Penal Code § 638.50(b)-(c).[3] Autotrader would have a strong argument on appeal that such a claim fails as a matter of law because it does not adequately plead the core element of any § 638.51 violation. An "immediate appeal" could "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), because if Autotrader prevailed before the Ninth Circuit, dismissal would necessarily follow. *Cf. United*

---

[3] To the extent the Order suggests that Autotrader's sharing of Plaintiff's IP address with "a third party" could give rise to a § 638.51 claim, Order 7, there is likewise substantial ground for disagreement because the statute applies only to the "capture[]" of routing information, not any subsequent sharing, Cal. Penal Code § 638.50(b).

*States v. Certain Rts. to & Ints. in Shares of Series D Preferred Stock in Palantir Techs.*, 2018 WL 9903314, at *2 (C.D. Cal. 2018) (certifying issue because "successful" appeal would merely "potentially" lead to dismissal).  Further, the Order here creates uncertainty about the scope of § 638.51, and opens the door for an unprecedently sweeping array of claims, in "numerous related … actions." *Id.*  In light of that broad impact, "[i]t would be much more efficient to have a definitive ruling" on the statute's scope as quickly as possible.  *Id.*

## IV. CONCLUSION

For the foregoing reasons, Autotrader respectfully asks that the Court reconsider its Order and dismiss the FAC with prejudice or, at minimum, certify the § 638.51 dispute for interlocutory appeal.

Dated: January 21, 2025

ARAVIND SWAMINATHAN
JACOB M. HEATH
THOMAS K. FU
Orrick, Herrington & Sutcliffe LLP

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorneys for Defendant
AUTOTRADER.COM, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Autotrader, certifies that this Memorandum of Points and Authorities is no more than 20 pages or 5600 words and otherwise complies with the Court's Standing Order.

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorneys for Defendant
AUTOTRADER.COM, INC.