UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOTRADER.COM, INC., a Delaware corporation, d/b/a WWW.AUTOTRADER.COM,<br><br>    Defendant. | Case No. 2:24-cv-08735-RGK-JC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT AUTOTRADER.COM, INC's MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** |

Before the Court is Defendant Autotrader.com, Inc.'s motion to dismiss Plaintiff's Second Amended Class Action Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the Court GRANTS Defendant's motion and dismisses the SAC with prejudice.

Plaintiff claims that Defendant violated California Penal Code § 638.51's prohibition on "pen registers" and "trap and trace devices" by using software that received and recorded Plaintiff's IP address when she visited Defendant's website. The Court agrees with Defendant that Plaintiff's § 638.51 claim is premised solely on collection of her IP address, which is the only data alleged to constitute the "dialing, routing, addressing, or signaling information" on which a § 638.51 claim must be

premised. Cal. Penal Code § 638.50(b)-(c); *see* SAC ¶ 134.

A website's recording of a visitor's IP address is fundamental to the internet's operation, and § 638.51 does not outlaw it. The statute was expressly modeled on an analogous federal law, 18 U.S.C. § 3121, which courts have long held "cannot be intended to prevent individuals who receive electronic communications from recording the IP information sent to them." *Capitol Recs. Inc. v. Thomas-Rasset*, 2009 WL 1664468, at *3 (D. Minn. 2009); *see In re Innovatio IP Ventures, LLC Patent Litig.*, 886 F. Supp. 2d 888, 895 (N.D. Ill. 2012). The same is true for § 638.51. These laws instead address the problem of *third parties* installing pen registers to obtain routing information about *others'* communications. To that end, § 638.51 creates a statutory requirement that police (and indeed, any third party) must "first obtain[] a court order" before installing a pen register. Cal. Penal Code § 638.51(a). But the law does not regulate the recipient of a communication in that way. *See Sparshott v. Feld Ent., Inc.*, 311 F.3d 425, 432 (D.C. Cir. 2002) (noting it would otherwise be "hard to see how any caller ID system, even that used for emergency services, would be legal"). And § 638.51(a) certainly does not bar a website from recording a visitor's IP address—a technological step required for any website to function. Plaintiff has thus failed to allege that Defendant operated a pen register within the meaning of the statute. And even if she had, § 638.51 does not impose liability when such devices are operated with "the consent of the user of that service." Cal. Penal Code § 638.51(b)(5). Plaintiff consented to the collection of her IP address by navigating to Autotrader's website, which a reasonable user would have understood to entail the exchange of that information.

Plaintiff seeks to hold Defendant liable under California Penal Code § 631(a) for aiding and abetting third-party service providers who directly violated the statute when they impermissibly "read or attempted to read or learn the contents or meaning of" the queries that Plaintiff entered into Defendant's search bar. SAC ¶¶ 145-46. As

an initial matter, Plaintiff lacks Article III standing to assert this claim. To show that she was "concretely harmed" by the alleged interception of search queries, and thus has standing, Plaintiff must adequately allege that her searches contained sufficiently "sensitive information" *and* that she "reasonably expected" her allegedly sensitive searches were "not being recorded" by third parties, such that she retained "a protectable privacy interest." *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3-4 (C.D. Cal. 2023). The SAC fails to make those showings. There is no need to resolve whether Plaintiff's searches were sufficiently sensitive because she could not reasonably have expected them to remain confidential when, by her own admission, Defendant's website expressly informed her that it "share[s] information about your use of our site with our social media, advertising, and analytics partners." SAC ¶ 101.

Those same disclosures also establish that Plaintiff consented to Defendant sharing her search queries with service providers. *See* Cal. Penal Code § 631(a) (prohibiting interception only "without the consent of all parties"). Plaintiff never disputes that she saw Defendant's "cookie banner," SAC ¶ 56, which expressly informed Plaintiff that Defendant would share information with third parties, *id.* ¶ 101. The banner's "conspicuousness and placement," blocking part of the screen with high-contrast text, made it unmistakable to any "reasonably prudent user." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014). By electing to proceed with her searches after encountering those disclosures, Plaintiff consented to the very sharing of information for which she now seeks to hold Defendant liable.

**IT IS HEREBY ORDERED** that Plaintiff's SAC is dismissed in its entirety with prejudice.

Dated this __ day of _____, 2025.

_____
Hon. R. Gary Klausner
United States District Judge