ARAVIND SWAMINATHAN (*Pro Hac Vice*)
aswaminathan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206 839 4340
Facsimile: +1 206 839 4301

JACOB M. HEATH (SBN 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

THOMAS FU (SBN 325209)
tfu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 So. Grand Avenue
Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant,
AUTOTRADER.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

REBEKA RODRIGUEZ,

Plaintiff,

v.

AUTOTRADER.COM, INC., a Delaware corporation, d/b/a WWW.AUTOTRADER.COM,

Defendant.

Case No. 2:24-cv-08735-RGK-JC

**CORRECTED REPLY IN SUPPORT OF AUTOTRADER.COM, INC's MOTION FOR RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Hearing Date: February 24, 2025

Time: 9:00 a.m.

Dept: Courtroom 850

Judge: Hon. R. Gary Klausner

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................ 1

II. LEGAL ARGUMENT ........................................................................ 1

A. The Court Should Grant Reconsideration And Dismiss Plaintiff's § 638.51(a) Claim With Prejudice ........................................ 1

B. The Court Should Grant Reconsideration And Dismiss Plaintiff's § 631(a) Claim With Prejudice. ........................................ 5

C. At Minimum, The Court Should Certify The § 638.51 Dispute For Interlocutory Appeal ........................................ 8

III. CONCLUSION ........................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) .......... 3

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 6

*United States v. Certain Rts. to & Ints. in Shares of Series D Preferred Stock in Palantir Techs.*,
2018 WL 9903314 (C.D. Cal. 2018) .......... 9

*United States v. Hart*,
2023 WL 10352443, (E.D.N.C. 2023) .......... 4

*United States v. Keel*,
2017 WL 9477638 (N.D. Ga. 2017) .......... 3

*United States v. Turner*,
2021 WL 3009810 (E.D. Tenn. 2021) .......... 3

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) .......... 2

**Statutes**

12 U.S.C. § 1292(b) .......... 8

Cal. Penal Code § 630(b) .......... 3

Cal. Penal Code § 630(c) .......... 3

Cal. Penal Code § 631(a) .......... 5, 6, 7

Cal. Penal Code § 638.50(b) .......... 1, 2, 4

Cal. Penal Code § 638.51(a) .......... *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Reconsideration is warranted because the Court's January 8, 2025 Order ("Order") overlooked two features of Plaintiff's First Amended Class Action Complaint ("FAC"), specifically that:

1. the FAC alleges that Autotrader violated California Penal Code § 638.51(a) *solely* by collecting Plaintiff's IP address, and no other data; and
2. the FAC includes a detailed screenshot of Autotrader's "cookie banner" and its disclosures regarding the sharing of information with third-party analytics and advertising companies.

Plaintiff offers 17 pages of opposition briefing, but no actual response on those two dispositive points. Instead, she attempts to distract from them by misrepresenting her pleadings, Autotrader's prior briefing, and even the Order itself. Once all that smoke clears, the case for reconsideration—and dismissal with prejudice—is unrebutted. And if the Court is not inclined to revisit the Order, the § 638.51(a) dispute is exactly the type of broadly relevant, potentially case-dispositive legal issue that warrants an interlocutory appeal.

## II. LEGAL ARGUMENT

### A. The Court Should Grant Reconsideration And Dismiss Plaintiff's § 638.51(a) Claim With Prejudice

Autotrader's case for reconsideration regarding Plaintiff's § 638.51(a) claim is straightforward. That law prohibits certain pen registers, defined as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." Cal. Penal Code § 638.50(b). The FAC alleged that ***just one*** type of information qualifies as routing, addressing, or signaling

information: the "***IP address***" she allegedly conveyed to Autotrader's website. FAC ¶ 134. Autotrader's motion to dismiss explained why a website's collection of its user's IP address does not violate the statute. But the Court overlooked that limit on the claim and mistakenly permitted it to proceed because Autotrader purportedly collected "additional data"—namely, "operating system information, browser information, geolocation data, and email addresses." Order 7. That was error because Plaintiff never alleged that collecting such data violates § 638.51(a). Nor could she, because none of that data qualifies as dialing, routing, addressing, or signaling information under the statute's narrow terms.

Plaintiff's opposition brief is anything but straightforward; at times, it is difficult to decipher. Her lead response is to starkly distort her own pleadings. Plaintiff misleadingly suggests that her § 638.51(a) claim is premised on the collection of data besides her IP address. *See* Opp. 5 (disputing that she "never advanced" a § 638.51(a) theory based on additional data). It isn't. Here is what her § 638.51(a) cause of action alleges:

> 133. A "pen register" is a "device or process that records or decodes ***dialing, routing, addressing, or signaling information*** transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." (Cal. Penal Code § 638.50(b).)
>
> 134. The PR/TT beacon ***is a "pen register" because*** it is a "device or process" that ***"capture[d]" the "routing, addressing, or signaling information"—the IP address—***from the electronic communications transmitted by Plaintiff's computer or smartphone. (Cal. Penal Code § 638.50(b).)
>
> 135. At all relevant times, Defendant knowingly installed

> the PR/TT beacon—which is a pen register—on Plaintiff's browser, and used the PR/TT beacon to collect Plaintiff's IP address, and track Plaintiff.
>
> 136. The PR/TT beacon does not collect the content of Plaintiff's electronic communications with the Website. *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014) ("***IP addresses 'constitute addressing information*** and do not necessarily reveal any more about the underlying contents of communication than do phone numbers.'") (quotation omitted).

FAC ¶¶ 133-36 (emphases added).

The boundaries of that claim are crystal clear: Only the collection of a communication's "dialing, routing, addressing, or signaling information" violates the statute, and ***only "the IP address"*** allegedly qualifies. Plaintiff tries to distract from that clear text by citing mentions of other types of information, like "geolocation data," in earlier sections of the FAC as well as *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023). Opp. 3-6. She also offers an extended "tangent," *id.* at 3, about how third parties can allegedly use other types of information to build a profile of a consumer's preferences—a process called "fingerprinting," *id.* at 4. None of that has any bearing or relevance here. Plaintiff ***never alleged*** that geolocation data specifically, or the process of fingerprinting more broadly, constitutes "dialing, routing, addressing, or signaling information" under § 638.51(a) and so gives rise to a statutory violation. Consequently, she cannot meaningfully dispute that the Court misread her pleadings by endorsing that legal theory. Reconsideration is warranted to correct the oversight.

The idea that additional data could give rise to a § 638.51(a) claim is meritless

in any event.[1] The statute narrowly prohibits devices that collect information about the ***technological source*** of a communication signal—in most cases, a caller's telephone number. *See* Cal. Penal Code § 630(b)-(c). Plaintiff cannot do what the Legislature did not and expand § 638.51 to criminalize the collection of any information that sheds light on someone's identity or preferences. Accordingly, as the Motion explained, courts routinely distinguish between the routing data subject to a "pen register and trap and trace" on one hand and "geolocation information" on the other. Mot. 6 (citing *United States v. Keel*, 2017 WL 9477638, at *2, *report and recommendation adopted*, 2017 WL 1371870 (N.D. Ga. 2017); *United States v. Turner*, 2021 WL 3009810, at *2, *report and recommendation adopted*, 2021 WL 2482117 (E.D. Tenn. 2021), *aff'd*, 2024 WL 3634454 (6th Cir. 2024); *United States v. Hart*, 2023 WL 10352443, at *3 (E.D.N.C. 2023), *report and recommendation adopted*, 2024 WL 578573 (E.D.N.C. 2024)). Plaintiff does not attempt to address any of that case law.

Plaintiff's remaining arguments drift further afield. She notes that § 638.51(a) prohibits the collection of not merely "routing" information, but also "addressing" information. Opp. 2. Plaintiff then urges that she alleged her IP address qualifies as addressing information. *Id.* Autotrader has never disagreed that Plaintiff made that allegation. In fact, that is the entire point. Plaintiff alleged that ***only*** her IP address (and nothing else) fits § 638.51(a)'s statutory definition. But the Court's prior Order did not track those pleadings.

Plaintiff also insists that "software" can qualify as a "process." Opp. 3-4. That simply begs the question. A "process," like a "device," qualifies as a pen register only to the extent that it "records or decodes dialing, routing, addressing, or signaling information." Cal. Penal Code ¶ 638.50(b). So even if Autotrader's accused software is a "process," it still violated the statute only if it collected that specific type of

[1] To the extent Plaintiff suggests that she ***could*** (albeit has not) allege this sort of § 638.51(a) claim, that is not an argument against reconsideration; it is an argument for leave to amend.

information, and Plaintiff's IP address is—contrary to the prior Order's view of the pleadings—the only candidate alleged anywhere in the FAC.

Ultimately, Plaintiff resorts to mischaracterizing the Order. She contends that it "squarely rejected" Autotrader's argument that she consented to the collection of her IP address. Opp. 6. That is so, Plaintiff insists, because the Court credited the FAC's allegation that "visitor data is harvested and shared with third-party services immediately upon webpage loading, preceding any opportunity for visitors to consent to or decline the Website's privacy policy or cookie banner." Opp. 6 (quoting FAC ¶ 56). That is wrong and conflates two distinct issues in the case. The Court rejected Autotrader's consent argument solely because it mistakenly believed that Plaintiff's § 638.51(a) claim was premised on "more than just her IP address," and—in the Court's view—Plaintiff had not consented to the collection of that ***other*** data. Order 8. The ruling made no mention of Autotrader's cookie banner.[2]

In short, Plaintiff cannot meaningfully contest that the Order misconstrued the FAC and so permitted the § 638.51(a) claim to proceed on grounds that Plaintiff never alleged. That calls for reconsideration and ultimately dismissal—Plaintiff never contests Autotrader's argument, endorsed by state and federal courts alike, that § 638.51(a) and its federal analog do not prohibit a website from collecting ***its own user's*** IP address as alleged here. Mot. 4-6. Nor does Plaintiff dispute that a contrary holding would expand § 638.51(a) so broadly as to criminalize the basic functioning of the internet, a result the Legislature plainly did not endorse. *Id.*

### B. The Court Should Grant Reconsideration And Dismiss Plaintiff's § 631(a) Claim With Prejudice.

Turning to Plaintiff's § 631(a) claim, Autotrader's case for reconsideration is

[2] Plaintiff briefly suggests that Autotrader "improperly seeks to repeat [its] written argument," Opp. 2, merely because it again cites *Rodriguez v. Plivo Inc.* The Motion cited *Plivo* only when summarizing the Court's prior Order, Mot. 1, and explaining why—***if reconsideration were granted***—a fresh examination of the FAC's § 638.51(a) claim would lead to dismissal, *id.* at 5. None of that urges reconsideration based on an argument the Court already addressed in full, as Plaintiff mistakenly implies.

again straightforward. The Court's prior Order acknowledged that a website user "implicitly consent[s]" to the sharing of information if she elects to use the website after receiving conspicuous disclosures regarding the sharing. *See* Mot. 2 (quoting Order 6). The Order declined to find such consent here solely because of a factual oversight: It mistakenly concluded that "Plaintiff does not allege any details about the banner." Order 6. In fact, Plaintiff's pleadings include a screenshot of the banner (highlighted below) that conclusively shows disclosures conspicuous and specific enough to give rise to implied consent:




Mot. 7 (citing FAC ¶ 101).

Plaintiff again has no answer. Her lead response is to blame Autotrader by suggesting it was somehow obligated to add its own "legible copy" of this same banner to the record. Opp. 7. That is not the law. Once Plaintiff elected to provide these facts herself, Autotrader was entitled to rely on them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). And because Plaintiff had already "plead[ed] h[er]self out of a claim by including … details contrary to h[er]" § 631(a)

cause of action, there was nothing more that Autotrader needed to submit. *Id*. That is why the Court's prior Order considered whether "Plaintiff" had "allege[d] any details about the banner," Order 6—because such allegations can be dispositive. The Court simply missed that those allegations were in the record.

The rest of Plaintiff's arguments do not even purport to oppose reconsideration. They merely suggest (unpersuasively) that ***upon granting reconsideration***, the Court should rule Plaintiff's way in a revised merits analysis. In particular, she contends that Autotrader's banner did not disclose the sort of sharing alleged here. But the banner's text disclosed exactly that. Plaintiff seeks to hold Autotrader liable for sharing information about how she searched for cars (the entire point of using the website) with third parties that "***analyze*** Website data and marketing campaigns" and "conduct targeted ***advertising***." *E.g.*, FAC ¶ 66 (emphases added). The banner used essentially that same language, telling Plaintiff that Autotrader "share[s] information about your ***use of our site*** with our social media, ***advertising***, and ***analytics partners***." *Id.* ¶ 101 (emphases added). That disclosure could hardly have been more closely tailored to Plaintiff's allegations.

Plaintiff then offers a bizarre argument about Autotrader's Privacy Policy, insisting that Autotrader (1) "relied heavily" on that document in its motion to dismiss, (2) has now "abandoned any and all reliance upon" it by not mentioning it in the Motion, and (3) therefore cannot prevail on its implicit consent argument. Opp. 9-11. Each step in that argument is wrong. Autotrader's Motion did not rely heavily on its Privacy Policy; it cited the document exactly once, and solely as context for the separate argument that Plaintiff failed to allege that any third-party "tracking tool uses information for its own purposes." Mot. 13. Autotrader has not abandoned that argument; it simply did not seek reconsideration of that distinct ground for dismissing the § 631(a) claim. But Autotrader can certainly prevail on the consent issue it ***did*** move to reconsider, because the website banner alone—without any need to consider Autotrader's privacy policy—put Plaintiff on notice that her searches would be

shared. Plaintiff's suggestion that the ***privacy policy "hyperlink"*** was not sufficiently conspicuous, Opp. 10-11 (emphasis added), is thus a red herring. What matters is that the banner's ***express statement about information sharing*** was highly conspicuous, such that Plaintiff implicitly consented to it by proceeding with her searches. The Court should grant reconsideration and dismiss the § 631(a) claim with prejudice on that basis.

### C. At Minimum, The Court Should Certify The § 638.51 Dispute For Interlocutory Appeal

If the Court denies reconsideration, it should at minimum certify the § 638.51(a) dispute for interlocutory appeal. Plaintiff makes the puzzling argument that there is "no 'controlling question of law'" to be reviewed. Opp. 12 (capitalization altered). Of course there is. The legal question concerns pleadings standards: Can a complaint adequately state a § 638.51(a) claim on the basis of data never alleged to constitute dialing, routing, addressing, or signaling information? The "facts of the specific case," *id.*, of course ***implicate*** that issue. But the question concerns a legal standard that will play a vital gatekeeping role in all § 638.51(a) actions.

Nothing about how Autotrader "framed" that question is "inaccurate." *Id.* Plaintiff notes that the Ninth Circuit has, in another context, characterized IP addresses as playing an "addressing" role in internet communications. *Id.*; *see* FAC ¶ 136. But that is beside the point. Again, the Court's prior Order ***did not*** permit the § 638.51(a) claim to proceed on the basis of IP address collection. Whether that conduct violates the statute is the question that should be, but has not yet been, answered at the pleading stage. Autotrader also does not "implicitly concede that if the FAC alleges more than the collection of user IP addresses, then Plaintiff would be able to state a viable claim." Opp. 13. The Motion expressly says the opposite. *See* Mot. 6 ("Plaintiff has no way to salvage the claim by amending it to rely on additional forms of data.").

As for the other interlocutory appeal considerations, Plaintiff inadvertently

confirms that there is "substantial ground for difference of opinion" by laying out conflicting judicial opinions and then urging (unpersuasively) that one side is more compelling than the other. Opp. 13-16. That is what substantial ground for difference of opinion looks like. And an immediate resolution from the Ninth Circuit would plainly "materially advance the ultimate termination of the litigation," 12 U.S.C. § 1292(b), if it compelled dismissal of Plaintiff's § 638.51(a) claim—the only cause of action that this Court has not already rejected. Indeed, such a ruling would materially advance § 638.51(a) litigation more broadly, offering "definitive" clarity on the standard for pleading a statutory violation. Mot. 9 (quoting *United States v. Certain Rts. to & Ints. in Shares of Series D Preferred Stock in Palantir Techs.*, 2018 WL 9903314, at *2 (C.D. Cal. 2018)).

## III. CONCLUSION

For the foregoing reasons, Autotrader respectfully asks that the Court reconsider its Order and dismiss the FAC with prejudice or, at minimum, certify the § 638.51 dispute for interlocutory appeal.

Dated: February 11, 2025

ARAVIND SWAMINATHAN
JACOB M. HEATH
THOMAS K. FU
Orrick, Herrington & Sutcliffe LLP

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorneys for Defendant
AUTOTRADER.COM, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Autotrader, certifies that this Memorandum of Points and Authorities contains 2,419 words, is no more than 10 pages, and otherwise complies with the Court's Standing Order.

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorneys for Defendant
AUTOTRADER.COM, INC.