UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08735-RGK-JC | Date | March 4, 2025 |
| Title | ***Rebeka Rodriguez v. Autotrader.com*** | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendant's Motion for Reconsideration or Certification for Interlocutory Appeal [DE 31]**

## I. INTRODUCTION

On September 10, 2024, Rebeka Rodriguez ("Plaintiff") filed a First Amended Class Action Complaint ("FAC") against Autotrader.com, Inc. ("Defendant") in state court.[1] Plaintiff asserted claims for invasion of privacy under California Penal Code §§ 631 and 638.51. On October 10, 2024, Defendant removed the action under the Class Action Fairness Act. On November 18, 2024, Defendant filed a Motion to Dismiss for failure to state a claim. On January 8, 2025, the Court issued an order denying the motion as to Plaintiff's § 638.51 claim. ("January 8 Order").

Presently before the Court is Defendant's Motion for Reconsideration of the Court's January 8 Order, wherein Defendant asserts that the § 638.51 claim should have been dismissed with prejudice. Alternatively, Defendant moves for Certification of Interlocutory Appeal. For the foregoing reasons, the Court **DENIES** Defendant's Motion.

## II. FACTUAL BACKGROUND

Defendant operates the website Autotrader.com ("Website"). When a visitor visits the Website, the Website immediately installs third-party tracking software on the visitor's browser before the visitor has any opportunity to consent or decline the Website's privacy policy. This software collects various types of information about the visitor to deliver targeted advertising. This information includes IP addresses, operating system information, browser information, geolocation data, and email addresses. This software remains installed on the browser unless the visitor deletes it. However, if the visitor visits the Website again, the software is reinstalled.

[1] Since then, Plaintiff has filed a Second Amended Complaint. However, the current motion pertains to an order related to the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08735-RGK-JC | Date | March 4, 2025 |
| Title | ***Rebeka Rodriguez v. Autotrader.com*** | | |

Once the Website loads, the visitor may enter queries into a search bar provided by an unknown third party. Entered queries are routed to the unknown third party and shared with other third parties, such as Google, Facebook, Pinterest, and various advertising services.

In March 2024, Plaintiff, a "tester"[2] that seeks out privacy violations, visited the Website. Immediately after visiting the Website, the Website installed tracking software on her browser, which captured and sent identifying information to third parties. She also made a search query containing "confidential" and "private" information which was shared with multiple third parties without her consent or permission.

## III. <u>DISCUSSION</u>

### A. <u>Motion for Reconsideration</u>

A court has discretion to reconsider a judgment or order pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *Sch. Dist. No. 1J Mutnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A motion for reconsideration should only be granted in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Local Rule 7-18 provides:

> A motion for reconsideration of an Order may be made only on the grounds of (a) material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.
>
> C.D. Cal. L.R. 7-18.

Defendant moves for reconsideration of the January 8 Order on the ground that the Court failed to consider material facts.

In its order, the Court found Defendant's challenge to the § 638.51 claim unavailing. Specifically, Defendant argued that because their software collects only IP addresses, an exception to

[2] A "tester" is an individual that seeks out legal violations and files lawsuits to ensure legal compliance.

§ 638.51 barred Plaintiff's claim. The Court disagreed. The Court found that Plaintiff's claim was not barred because (1) Plaintiff alleged data other than IP addresses were also collected, and (2) Defendant failed to show that the additional data fell within the exception. (Order re: Defendant's Motion to Dismiss, p.7, ECF No. 25.)

In the current motion, Defendant argues that reconsideration is warranted because (1) Plaintiff never alleged in her FAC that Defendant collected data other than IP addresses, and (2) the Court never considered whether such additional data constitutes information covered by § 638.51.

First, neither of these arguments meet the standard for reconsideration, as articulated in Local Rule 7-18. Defendant does not show any material fact that the Court failed to consider before the January 8 Order was entered. Instead, Defendant improperly presents two new arguments.

Furthermore, even if the Court considered Defendant's new arguments, it would find that both arguments miss the mark.

As to the first argument, Plaintiff alleges in her FAC that the tracking software creates a "digital fingerprint" of the website visitor by collecting the visitor's "unique IP address, user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty ID, cookies and device signature." (Pl.'s FAC ¶ 21-22, 70.) The allegations clearly state that Defendant collected data other than IP addresses.

As to the second argument, to prevail on a motion to dismiss, the defendant must show that the facts alleged, taken as true, do not state a claim for relief. Therefore, contrary to Defendant's assertion, it was not the Court's responsibility to determine whether or not "operating system information, browser information, geolocation data, and email addresses" are covered by § 638.51. Rather, it was Defendant's burden to show that the exception to § 638.51 includes such data, thereby barring Plaintiff's claim as a matter of law. Defendant's failure to meet its burden does not constitute a failure by the Court to consider a material fact.

Thus, Defendant has not demonstrated a failure to consider material facts to justify reconsideration of its Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08735-RGK-JC | Date | March 4, 2025 |
| --- | --- | --- | --- |
| Title | ***Rebeka Rodriguez v. Autotrader.com*** | | |

**B. Motion for Certification for Interlocutory Appeal**

Defendant moves, alternatively, for certification of an interlocutory appeal.

Although district court rulings generally cannot be appealed until a final judgment has been entered, Section 1292(b) "provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996). A district court may certify an interlocutory appeal if, among other things, there is substantial ground for difference of opinion. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear" or where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on point . . ..." *Couch v. Telescope Inc.* 611 F.3d 629, 633 (9th Cir. 2010). Neither a party's disagreement with the Court's ruling or a different application of settled law is a substantial ground for difference of opinion. *Id*.

Defendant specifically argues a substantial ground for difference of opinion as to "whether a § 638.51 claim may lie where, as here, it is premised on the collection of data . . . that the pleadings do not allege . . . ." (Def.'s Mot. for Reconsideration , p. 8, lines 16-19, ECF No. 31). As far as the Court can discern, the only difference of opinion is whether Plaintiff did, in fact, allege the collection of other data. To that question, the Court answers in the affirmative. As discussed above, the FAC explicitly alleges that Defendant's software creates a "digital fingerprint" of the website visitor by collecting the visitor's "unique IP address, user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty ID, cookies and device signature." (Pl.'s FAC ¶ 21-22, 70, ECF No. 1-1.)

At the pleading stage, it is improper for the Court to determine the ultimate merits of the alleged § 638.51 violation. To bring a claim under § 638.51, Plaintiff need only allege that Defendant installed and used a pen register or trap device without first obtaining a court order. Cal. Penal Code. §§ 638.50(b)-(c), 638.51. Plaintiff has done so, and Defendant has failed to show that Plaintiff's claim is otherwise barred as a matter of law. Defendant's disagreement with the Court's ruling on this issue is not a substantial ground for difference of opinion that warrants certification of an interlocutory appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08735-RGK-JC | Date | March 4, 2025 |
| Title | ***Rebeka Rodriguez v. Autotrader.com*** | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Reconsideration or in the alternative, Certification for Interlocutory Appeal.

**IT IS SO ORDERED.**

______ : ______

Initials of Preparer JRE/aa