UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08735-RGK-JC | Date | March 14, 2025 |
| Title | ***Rebeka Rodriguez v. Autotrader.com, Inc.*** | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings: (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss [DE 36]**

## I. INTRODUCTION

On September 10, 2024, Rebeka Rodriguez ("Plaintiff") filed a First Amended Class Action Complaint ("FAC") against Autotrader.com, Inc. ("Defendant") in state court, asserting claims for invasion of privacy under California Penal Code §§ 631 and 638.51.[1] (ECF No. 1-1.) On October 10, 2024, Defendant removed the action under the Class Action Fairness Act. (ECF No. 1.) On November 18, 2024, Defendant moved to dismiss the FAC, arguing that: (1) Plaintiff lacked standing to sue under § 631; (2) Plaintiff failed to state a claim under § 631; and (3) Plaintiff failed to state a claim under § 638.51. (ECF No. 15.) On January 8, 2025, the Court granted Defendant's Motion in part. (ECF No. 25.) The Court found that Plaintiff had failed to demonstrate that she had suffered an injury sufficient to establish standing for her § 631 claim. Accordingly, the Court dismissed the § 631 claim without prejudice.

On January 21, 2025, Defendant filed a Motion for Reconsideration or Certification for Interlocutory Appeal. (ECF No. 31.) Two days later, on January 23, 2025, Plaintiff filed a Second Amended Class Action Complaint ("SAC"). (ECF No. 34.) Then, on February 6, 2025, Defendant filed a Motion to Dismiss the SAC. (ECF No. 36.) While the Motion to Dismiss was pending, on March 4, 2025, the Court denied the Motion for Reconsideration or Certification. (ECF No. 43.)

Presently before the Court is Defendant's Motion to Dismiss the SAC. For the following reasons, the Court **GRANTS** the Motion **in part** and **ORDERS** the parties to **SHOW CAUSE in writing**.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following in the SAC:

[1] Though set forth in the penal code, invasions of privacy may also be brought as civil claims. Cal. Penal Code § 637.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08735-RGK-JC | Date | March 14, 2025 |
|---|---|---|---|
| Title | ***Rebeka Rodriguez v. Autotrader.com, Inc.*** | | |

Defendant operates an online marketplace for purchasing and selling cars through its website, Autotrader.com (the "Website"). When a visitor visits the Website, the Website immediately installs third-party tracking software on the visitor's browser before the visitor has any opportunity to consent or decline the Website's privacy policy. This software collects various types of information about the visitor to deliver targeted advertising. This information includes IP addresses, operating system information, browser information, geolocation data, and email addresses. This software remains installed on the browser unless the visitor decides to delete it. However, if the visitor visits the Website again, it is reinstalled.

Once the Website loads, the visitor may enter queries into a search bar provided by an unknown third party. When a visitor enters a query, the query is routed to that unknown third party and shared with other third parties like Google, Facebook, Pinterest, and various other advertising services.

In March 2024, Plaintiff, a "tester"[2] that seeks out invasions of privacy, visited the Website. Immediately upon visiting the Website, the Website installed tracking software on her browser, which captured and sent identifying information to third parties. She also made a "highly confidential search" for "White SUV's safe for autistic 4 year old." (SAC ¶ 108.)

## III. <u>DISCUSSION</u>

Plaintiff asserts claims for invasion of privacy under California Penal Code §§ 631 and 638.51, which prohibit wiretapping and the use of pen registers, respectively. As noted above, Defendant previously moved to dismiss these claims as asserted in the FAC, arguing that: (1) Plaintiff lacked standing to sue under § 631; (2) Plaintiff failed to state a claim under § 631; and (3) Plaintiff failed to state a claim under § 638.51. In the instant Motion to Dismiss the SAC, Defendant makes the exact same arguments. However, the SAC's allegations are largely identical to the FAC's allegations, except for standing under § 631. Having already considered and rejected Defendant's non-standing arguments based upon the FAC's allegations, the Court declines to consider those arguments upon the SAC's identical allegations. Thus, the Court considers only whether Plaintiff's new allegations are sufficient to demonstrate standing under § 631.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). One of the essential components of the Article III case-or-controversy requirement is that a plaintiff must have standing. *Id.* For a plaintiff to have standing, it must establish: (1) an injury in fact; (2) that is traceable to the challenged conduct of the defendant; and (3) is likely to be "redressed by a favorable decision." *Id.* at 560–561.

[2] A tester is an individual that seeks out legal violations and files lawsuits to ensure legal compliance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08735-RGK-JC | Date | March 14, 2025 |
| --- | --- | --- | --- |
| Title | ***Rebeka Rodriguez v. Autotrader.com, Inc.*** | | |

To show an injury in fact, a plaintiff must allege "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. Congress may not "enact an injury into existence" merely by granting a right to sue, and therefore there is no automatic satisfaction of the injury-in-fact requirement just because a plaintiff has a statutory right to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis in original).

Plaintiff appears to assert that Defendant impermissibly engaged in and aided third parties in wiretapping by sharing her search queries with third parties. Defendant argues that Plaintiff lacks standing because she lacks an injury in fact. Specifically, Defendant argues that Plaintiff must demonstrate she was concretely harmed as a result of Defendant's alleged sharing of her search queries by showing that: (1) her search query contained sensitive information that could cause harm if disclosed; and (2) that Plaintiff had a reasonable expectation of privacy when she shared that information. Defendant argues that Plaintiff fails on the second step—namely, she did not have a reasonable expectation of privacy when she shared that information. The Court agrees with Defendant.

As noted above, Plaintiff is a tester that seeks out invasions of privacy. It was no accident that she visited the Website and allegedly had her privacy violated. Rather, she visited the Website "fully expect[ing]" it to violate her privacy "so that she could file this action." *See Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023) (dismissing privacy claims for lack of standing because the tester plaintiff had no expectation of privacy and therefore no injury in fact). Having expected an invasion of privacy, she cannot claim that she had a reasonable expectation to privacy, and therefore lacks an injury in fact sufficient to establish standing.

To be sure, Plaintiff cites to various cases recognizing that a tester may have standing even if it fully expected to be injured. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982). However, Plaintiff's cases are inapposite. In these cases, the tester plaintiffs' expectations and actions had no bearing on whether they had been injured. For example, in *Havens Realty Corp.*, tester plaintiffs asserted claims against the owner of an apartment complex for violations of the Fair Housing Act, which prohibits misrepresenting the availability of a dwelling "to any person because of race, color, religion, sex, or national origin." *Id.* at 373. The apartment complex owner argued that the plaintiffs lacked standing because they not only expected to receive a misrepresentation, but also did not intend to buy or rent a home. *Id.* at 373–74. The Supreme Court rejected this argument, however, finding that nothing in the Fair Housing Act's plain language required a plaintiff to expect truthful disclosure or to intend to buy or rent a home. *Id.* The misrepresentation alone had caused the injury. *Id.*

The same cannot be said here. Plaintiff's injury squarely depends on her expectations, as an invasion of privacy requires a reasonable expectation of privacy to have been violated. And as a tester

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08735-RGK-JC | Date | March 14, 2025 |
|---|---|---|---|
| Title | ***Rebeka Rodriguez v. Autotrader.com, Inc.*** | | |

seeking to file lawsuits for invasions of her privacy, she had no expectation of privacy, and thus, no injury in fact.

Plaintiff does not appear to request leave to amend in her Opposition. Even if she had, however, it would not be warranted, as it does not appear that any amendment could cure her lack of standing. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that leave to amend should be denied if futile). Accordingly, the Court **DISMISSES** Plaintiff's § 631 claim **with prejudice**.

The Court notes that Defendant does not appear to challenge standing with respect to Plaintiff's § 638.51 claim for pen registers. It would appear, however, that Plaintiff would similarly lack standing to assert her § 638.51 claim, as it is also based on an invasion of privacy that depends on Plaintiff's expectations. Indeed, even Plaintiff seems to think that the same standing analysis would apply, as she asks in her Opposition: "[I]f being a 'tester' deprives Plaintiff of Article III standing to maintain her [§ 631] claim . . ., then why hasn't Defendant challenged Plaintiff's standing to sue as to her [§ 638.51] claim . . . ?" (Opp'n at 3.)

Given that subject matter jurisdiction, and by extension, the issue of standing are non-waivable, and the Court has an independent duty to *sua sponte* assess subject matter jurisdiction at all stages of litigation, the Court finds further briefing appropriate. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Accordingly, the Court **ORDERS** the parties to **SHOW CAUSE in writing** whether Plaintiff has standing to bring her § 638.51 claim. The parties' responses shall be no more than three (3) pages in length and shall be filed within seven (7) days of the entry of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [36] **in part**. The Court **DISMISSES** Plaintiff's § 631 claim **with prejudice**. The Court also **ORDERS** the parties to **SHOW CAUSE in writing** whether Plaintiff has standing to bring her § 638.51 claim. The parties' responses shall be no more than three (3) pages in length and shall be filed within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer JRE/sf