UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08735-RGK-JC | Date | April 4, 2025 |
|---|---|---|---|
| Title | *Rebeka Rodriguez v. Autotrader.com, Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order *Sua Sponte* Dismissing Case for Lack of Standing

On January 23, 2025, Rebeka Rodriguez ("Plaintiff") filed the operative Second Amended Class Action Complaint ("SAC") against Autotrader.com, Inc. ("Defendant"). (ECF No. 34.) Plaintiff alleges that she visited Defendant's website and performed a search containing sensitive information. Defendant used prohibited wiretapping and pen registers to access, record, and disclose Plaintiff's information, thereby invading her privacy in violation of California Penal Code §§ 631 and 638.51.[1]

On February 6, 2025, Defendant filed a Motion to Dismiss the SAC, arguing, among other things, that Plaintiff failed to demonstrate standing for her § 631 claim. (ECF No. 36.) On March 14, 2025, the Court granted Defendant's Motion in part. (ECF No. 45.) The Court observed that, to demonstrate standing to bring a claim for invasion of privacy under § 631, which prohibits wiretapping, a plaintiff must show that: (1) a defendant improperly accessed or disclosed information that was "sensitive" and "could cause harm if disclosed"; and (2) the plaintiff "had a reasonable expectation of privacy when she shared that information." (*Id.* at 3.) However, as a tester that actively seeks out privacy violations, "she had no expectation of privacy" when she visited Defendant's website, and therefore, lacked an injury in fact sufficient to establish standing. (*Id.* at 3–4.) Accordingly, the Court dismissed Plaintiff's § 631 claim with prejudice. However, because it appeared that the same standing analysis applied to her § 638.51 claim, which was not addressed in the Motion to Dismiss the SAC, the Court ordered the parties to show cause in writing whether this claim similarly failed. (*Id.* at 4.) On March 21, 2025, the parties responded. (ECF Nos. 46, 47.) Upon review of the responses, the Court concludes that Plaintiff's § 638.51 claim also fails.

The parties do not appear to dispute that Plaintiff's § 638.51 claim, which prohibits the use of pen registers to capture signaling information, requires the same disclosure of sensitive information and reasonable expectation of privacy as her § 631 claim. Rather, Plaintiff disputes whether her status as a tester forecloses standing. Plaintiff cites several cases finding that a tester may have standing even

---

[1] Though set forth in the penal code, invasions of privacy may also be brought as civil claims. Cal. Penal Code § 637.2.

UNITED STATES DISTRICT COURT                                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08735-RGK-JC | Date | April 4, 2025 |
|---|---|---|---|
| Title | *Rebeka Rodriguez v. Autotrader.com, Inc.* | | |

though she expected or sought out an injury. However, these cases are inapposite. These cases involved First Amendment and ADA claims for which the plaintiffs were injured regardless of their expectations or intentions. *See, e.g., Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 296–97 (2022); *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1101–02 (9th Cir. 2017). The same cannot be said of invasions of privacy, which depend on the plaintiff's reasonable expectations. *See Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023) (dismissing privacy claims for lack of standing because the tester plaintiff had no expectation of privacy). And as a tester that visited and entered information into Defendant's website expecting the information to be accessed, recorded, and disclosed, she cannot claim an injury when her expectations were ultimately met.[2]

For these reasons, dismissal is warranted for lack of standing, and it does not appear that any amendment could cure this defect. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that leave to amend should be denied if futile). Accordingly, the Court **DISMISSES** Plaintiff's § 638.51 claim **with prejudice**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |

---

[2] To be sure, Plaintiff argues that she had dual motivations for using Defendant's website, acting not just as a tester, but also as a legitimate user that simply wanted to use the website's services. Even assuming this to be true, it does not change the fact that she expected her privacy to be invaded, thereby negating any injury in fact.